IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **BELIA GARZA GONZALEZ** § <br> **Individually and as the Surviving** § <br> **Mother of JESUS E. ANAYA-GARZA,** § <br> **and as Successor-In-Interest to the Estate** § <br> **of JESUS E. ANAYA-GARZA** § <br> § <br> *Plaintiff* § <br> § **CIVIL ACTION NO. 12-124** <br> § <br> vs. § **JURY DEMAND** <br> § <br> **WERNER ENTERPRISES, INC.** § <br> § <br> *Defendant* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Belia Garza Gonzalez, Individually and as Surviving Mother of Jesus E. Anaya-Garza, and as Successor-In-Interest to the Estate of Jesus E. Anaya Garza, Plaintiff, complaining of Werner Enterprises, Inc., Defendant herein, and for cause of action would show the court as follows:

### 1. PARTIES

1.1  At all times relevant hereto, Decedent, Jesus E. Anaya-Garza (hereinafter "Decedent" or "Jesus") was a citizen of McAllen, Hidalgo County, Texas.

1.2  At all times relevant hereto, Plaintiff Belia Garza Gonzalez was, and now is, a citizen of the Republic of Mexico.  Plaintiff Belia Garza Gonzalez individually as the surviving mother of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the

Decedent's pain and suffering.

1.3   Defendant, Werner Enterprises, Inc. is a Nebraska corporation, who was doing business in the State of Texas at all times material to this cause. Defendant may be served with process in compliance with the Federal Rules of Civil Procedure 4(h) by serving a copy of the summons and complaint by certified mail, return receipt requested to:

   a.   William L. Clark, Registered Agent for Werner Enterprises, Inc. at 8601 Peterbild Avenue, Dallas, Texas 75241 USA.

## 2. Jurisdiction and Venue

2.1   This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2   Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3   Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. Factual Background

### The Accident

3.1   This lawsuit concerns an auto-pedestrian accident which occurred on August 3, 2012. The collision occurred between decedent and a 18 wheeler tractor trailer – a commercial vehicle – operated by an unknown employee/driver, under the authority and control of the Defendant, Werner Enterprises, Inc.

3.2   This horrific accident occurred on a Friday morning in the parking lot of a Love's Truck Stop withing the city limits of Encinal, Texas.

3.3     Immediately prior to the accident, Jesus properly parked his tractor-trailer and got off to inspect the tires. The incident occurred when Defendant's driver, while attempting to exit the gas station by driving next to Jesus's vehicle, failed to see that Jesus was next to his tractor inspecting the tires. The 18 wheeler hit Jesus and dragged him under the tires causing his untimely death. He was 46 years old.

<u>The Employment Relationship Between the Defendant and</u>
<u>The Resulting Vicarious Liability</u>

3.4     At the time of the collision which is the subject of this cause of action, and at all other relevant times, the driver of the 18-wheeler was an employee of Werner Enterprises, Inc., who was acting within the course and scope of his employment. In this regard, Defendant's driver was an employee insofar as the master-servant relationship under common law is concerned.

3.5     Alternatively, and at all relevant times herein, Defendant's driver was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier (such as Werner Enterprises, Inc.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Werner Enterprises, Inc., had exclusive control of the tractor-trailer which Defendant's driver was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-12(2000). As a result, Werner Enterprises, Inc., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of its driver.

3.6     Alternatively, Werner Enterprises, Inc., is vicariously liable with respect to all negligence of its driver under the traditional common-law doctrines of the master-servant relationship and respondeat superior.

## 4. CAUSES OF ACTION AGAINST DEFENDANT

### Negligence of Defendant's driver & Respondeat Superior

4.1     At the time of the occurrence of the act in question and immediately prior thereto, Defendant's driver was within the course and scope of his employment and within the general authority of Werner Enterprises, Inc.

4.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant's driver was engaged in the furtherance of Defendant Werner Enterprises, Inc.'s business and for the accomplishments of the Defendant's business.

4.3     Defendant's driver had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.4     The incident made the basis of this suit and the resulting injuries, death and damages suffered by the deceased and his family were proximately caused by the negligence conduct of Defendant's employees, servants, agents or representatives in many respects, including but not limited to, one or more of the following:

  4.4.1   In that Defendant's driver failed to keep a proper lookout for Decedent's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

  4.4.2   In that Defendant's driver failed to apply his brakes as a person of ordinary prudence under the same or similar circumstance;

  4.4.3   In placing Decedent in a position of peril due to Defendant's driver lack of due care and exercise of ordinary prudence of a person of his maturity and

        capacity in violation of § 545.401 of the Texas Transportation Code; and

    4.4.4    In failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner in violation of 49 C.F.R.§ 392.2.

4.5    Thus, the acts and/or omissions of Defendant, taken singularly or in combination, constitutes legal negligence which proximately caused the incident and the resulting injuries, death and damages specifically set forth hereinunder.

4.6    Plaintiff invokes the doctrine of Respondeat Superior against Defendant Werner Enterprises, Inc. for the negligent acts of its employee.

### Negligence of Werner Enterprises, Inc.

4.7    On August 3, 2012, Defendant Werner Enterprises, Inc. was the owner of the motor vehicle made the basis of this suit. Defendant Werner Enterprises, Inc. negligently entrusted the vehicle to its employee driver, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, its employee was a reckless and incompetent driver.

4.8    Furthermore, and alternatively, Werner Enterprises, Inc. owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently training, supervising, hiring and retaining its employee, consisting of, but not limited to the following:

    4.8.1    In failing to exercise ordinary care in implementing adequate training procedures for drivers;

    4.8.2    In failing to exercise ordinary care in implementing adequate continued education for all drivers;

    4.8.3    In failing to exercise ordinary care in implementing adequate supervision procedures;

    4.8.4    In failing to adequately screen its employee's driving record prior to hiring him; and/or

    4.8.5    In failing to exercise ordinary care in determining whether its employee was

competent enough to be hired.

4.9     Each of the aforementioned negligent acts or omissions of the Defendant constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

### Wrongful Death and Survival Actions under Texas Law

4.10    The death of Jesus E. Anaya-Garza was caused by the defendant Werner Enterprises, Inc.'s negligent conduct, and the negligent conduct of its agents and employees, including its driver made the basis of this suit, who at all times relevant to this complaint were acting in the scope of their employment.  As a result of the conduct of the defendant Werner Enterprises, Inc.'s and its agents and employees acting in the scope of their employment, defendant Werner Enterprises, Inc. proximately caused the death of Jesus E. Anaya-Garza. Defendant Werner Enterprises, Inc., through the law of agency and through the doctrine of respondent superior, is responsible under State law for the actions of its employees when such conduct occurs within the scope of those employees' employment and duties.

4.11    Plaintiff would further show that she has a right to bring her survival claims against Defendant for the personal injuries and damages sustained by  Jesus E. Anaya-Garza in the incident described above.  Accordingly, Plaintiff brings her survival claims against Defendant.

### Violation of the Federal Motor Carrier Safety Regulations

4.12    In addition to the duties which the Defendant and its employee owed the motoring public under common laws of this state, the Defendant and its employee owed duties under the Federal Motor Carrier Safety Regulations ("FMCSR").  According to the FMCSR, Werner Enterprises, Inc.,  was a motor carrier and/or operator of the commercial motor vehicle which its employee was driving at the time of this incident. As such, Defendant's employee is deemed to have violated the Code of Federal Regulations in the following ways:

   4.12.1 In failing to operate the commercial vehicle in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances, to such an extent as his conduct would result in disregard for the safety of Plaintiff (49 CFR § 392.2);

   4.12.2 In failing to have the required knowledge in the proper use of the truck's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, and vehicle operation characteristics. (49 CFR § 383.111);

   4.12.3 In failing to do a proper visual search of his surrounding by the use of mirrors, ahead and to the sides in order to avoid contact with Plaintiff (49 CFR § 383.111 (c)(5)); and/or

   4.13.3 In failing to communicate with surrounding traffic by using lights to signal his change in direction or change in speed and using his horn to signal his presence (49 CFR § 383.111(c)(6)).

 4.14 Each of the aforementioned negligent acts or omissions of Defendant's employee constituted a proximate cause of the collision, resulting in damages and injuries to the Plaintiff.

 4.12 With respect to the actual damages caused by Defendant's employee, it is noted that Werner Enterprises, Inc., is vicariously liable, jointly and/or severally, with respect to all such damages. This is the result of the application of respondeat superior, as described more particularly herein.

## 5. DAMAGES

 5.1 Plaintiff hereby pleads for damages arising out of the wrongful death of Jesus E. Anaya-Garza to the fullest extent allowed by law as follows:

 5.2 Plaintiff asks that a jury of reasonable men and women follow the evidence and award damages to compensate the Plaintiff for actual damages.

 5.3 Plaintiff would further show that they are entitled to recover interest for al elements of damages recovered for which the law provides for pre-judgment interest, beginning (1) on either

the 180th day after the Defendant received written notice of claim from the Plaintiffs; or (2) the day that suit is filed, whichever is earlier, and ending on the day preceding the date of judgment is rendered, at the prejudgment interest rate governed by §6 of Art. 5069-1.05 of the Texas Revised Civil Statutes.

    5.4    Plaintiff is also entitled to post-judgment interest at the lawful rate.

### 6. Gross Negligence and Exemplary Damages

    6.1    Alternatively, Plaintiff brings her claims against Defendant for Gross Negligence in causing the death of Jesus E. Anaya-Garza.  Defendant acts and omissions as stated herein were, when viewed objectively from Defendant's standpoint at the time it occurred, involved and extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant had actual subjective awareness of the risk but proceeded anyway with conscious indifference to the rights, safety or welfare of decedent and others.  Thus Plaintiff seek judgment against Defendant for exemplary damages.

### 7. Pre/Post Judgment Interest

    7.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court.  Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied and opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that on final trial she have judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest to the extent the law provides for, costs of suit, and all other

relief to which Plaintiff is justly entitled.

Dated:  August 4, 2012.

            Respectfully submitted,

            **LAW OFFICES OF JAVIER VILLARREAL, PLLC**
            2401 Wild Flower Drive, Suite A
            Brownsville, Texas 78526
            Tel: (956) 544-4444
            Fax: (956) 550-0877

            By: **/s/ Javier Villarreal**
              Javier Villarreal
              State Bar No. 24028097
              Fed Id No. 30384